CHARLES H. TUCKER, Respondent, v. MINE LA MOTTE LEAD & SMELTING COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs February 9, 1911. Opinion Filed February 21, 1911.

1. MASTER AND SERVANT: Mines and Mining: Injury to Miner: Contributory Negligence: Instructions. An instruction that a miner, injured while pushing a car with his back toward it, should not have pushed it that way, was properly refused, where it appeared that that was the usual way of moving the car.

2. ————: ————: ————: Sufficiency of Evidence. In an action by a miner for personal injuries received while pushing a car, by reason of the car striking a protruding plank between the rails, causing it to tilt, so as to allow the material with which it was loaded to fall off and strike him, *held* the evidence was sufficient to warrant a recovery by plaintiff.

3. ————: ————: ————: Assumed Risk. A servant does not assume the risks of the master's negligence, such as the maintenance of a protruding plank between the rails of a track in a mine, along which he is required to push a car, unless the injury results from the particular manner in which he uses the defective appliance, when another safe way to use it appears.

Appeal from Madison Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

*John C. Brown* for appellant.

(1)    The evidence wholly fails to prove that the respondent's injuries were caused by the negligence of appellant in placing a board across its tram railroad as charged in respondent's petition, therefore he cannot recover.    Morgan v. Mining Co., 136 Mo. App. 241; Trigg v. Land and Lumber Co., 187 Mo. 227; Goranson v. Mfg. Co., 186 Mo. 300; Purcell v. Shoe Co., 187 Mo. 288; Byerly v. Light and Power Co., 130 Mo. App. 603.    (2)  The mere statement of respondent that "he felt the car strike the board," does not prove the charge, because the car had not reached the board and such statement being directly at variance with the physical facts as disclosed by the whole case had no probative force.    Gurley v. Railroad, 104 Mo. 211; Nugent v. Milling Co., 131 Mo. 241; Stafford v. Adams, 113 Mo. App. 717.    (3)  The respondent helped construct the track where he was injured and having full knowledge of its condition assumed the risk of operating the trucks and can of ore over same.    Riggsby v. Oil Supply Co., 115 Mo. App. 297; Lee v. Railroad, 112 Mo. App. 372; Knorpp v. Wagner, 195 Mo. 665.

*Robert A. Anthony* for respondent.

(1)    It must be conceded in this case that appellant was negligent when through its foreman it placed the plank in question so as to come in contact with the flanges on the car operated by respondent.    That act having caused injury to respondent, the doctrine of assumed risk has no place in this case.    King v. Railroad, 143 Mo. App. 299; Trent v. Printing Co., 141 Mo. App. 437; Anderson v. Coal & Mining Co., 138 Mo. App. 76; Schultz v. Railroad, 145 Mo. App. 266.    (2)    It was the absolute duty of the Mine La Motte Lead & Smelting Company to furnish Tucker a reasonably safe

place in which to perform his labor, and this duty could not be delegated; therefore, the negligence of Kirk, foreman, was the negligence of apppellant. English v. Shoe Co., 145 Mo. App. 439. (3) There being substantial evidence in the record to support the verdict and justify the finding of the jury, this court will indulge every inference of fact in favor of respondent. King v. Railroad, 143 Mo. App. 279. (4) Respondent, Tucker, had the right to rely upon the superior knowledge of his foreman. Tucker was inexperienced and when his foreman told him to "go on" and indicated that it would be safe to operate the car over the board, in the absence of proof that the risk of injury was so glaring that an ordinarily prudent person would decline to undertake it, the question of respondent's contributory negligence was properly submitted to the jury. O'Brien v. Implement Mfg. Co., 141 Mo. App. 331; Overby v. Mining Co., 144 Mo. App. 363; Morgan v. Railroad, 136 Mo. App. 337; Trent v. Printing Co., 141 Mo. App. 437; Clippard v. Transit Co., 202 Mo. 432; Burkard v. Rope Co., 217 Mo. 466. (5) The work performed by respondent in pushing the cans and cars being new to him, and the shaft being strange, he can not be held as a matter of law accountable for the risk of the employment since he had the right to assume that appellant would not send him into a dangerous place. Bradford v. Railroad, 136 Mo. App. 705. (6) Instructions 13 and 14 asked by appellant were properly refused because they wholly ignored the doctrine of contributory negligence. King v. Railroad, 143 Mo. App. 297.

REYNOLDS, P. J.—Plaintiff sues for damages alleged to have been sustained by him while moving a car on which was loaded what is called a "can" along a draft of the mine of defendant. The actionable negligence of the defendant charged and relied on is that a plank was so placed between the rails of the track

along which the car was being pushed by plaintiff that the wheels striking against it caused the car to tilt and so throw the "can" which was being carried on it, to fall off and catch plaintiff, fracturing the bones of one of his legs and bruising him on his body and limbs. The plank was placed by the foreman under whose immediate direction plaintiff was working. He had been employed in the drift, which was underground and dark, only two days, the accident occurring on the second day. He admits he knew the plank was there and so placed as to jar the car when the latter was pushed along the track and over it, but he testified that his foreman told him it was all right, and that he relied on this assurance. When the accident occurred he was pushing the car with his shoulder, his back to the car and he facing to the rear. In effect, he testified that there was nothing on the track to jar the car unless it was this plank. Neither he nor any other witness testifies to having seen the car strike the plank, or that in fact it did strike it. When others went to the assistance of plaintiff, who had been operating the car alone, he was lying under the can, and the end of the car from him, the front of the car as plaintiff pushed it, was some twelve or eighteen inches off of and away from the plank; the car had not reached the plank by some twelve or eighteen inches. The incline of the track was toward the plank and if the wheels of the car hit the plank the car must have rebounded "up hill."

The defendant demurred to the evidence and that being overruled, the court, at the instance of plaintiff, gave several instructions, not now objected to. At the instance of defendant several instructions presenting the theory of the defense were given, two being refused. One of them was on the theory that plaintiff should not have pushed the car with his back toward it. There was evidence that this was the usual way of moving this car, so that this instruction was correctly refused. Indeed, the learned counsel for appellant makes no as-

signment of error on its refusal. The other instruction asked by defendant and refused is as follows:

"13.  The court instructs the jury that even though you should find and believe that a board was placed across defendant's car track in such manner as to obstruct the wheels, or flanges on the wheels of defendant's car, and that said board caused the hind wheels of said car to leave the track and thereby caused a can of ore to fall upon and injure plaintiff, yet if you further find and believe that the plaintiff was as familiar as defendant with the size of said board, and the fact that it obstructed the passage of said car, if it did so obstruct the same, then you will find that plaintiff assumed the risk of pushing said car and can over said board and cannot recover."

There was a verdict for plaintiff, awarding him five hundred dollars damages, and judgment followed, from which defendant, filing motion for new trial and in arrest and saving exceptions to the action of the court in overruling them, has duly perfected its appeal to this court.

Four errors are assigned.  First, in the refusal of the instruction in the nature of a demurrer to the evidence offered at close of plaintiff's evidence; second, the refusal of a like instruction at the close of all the evidence; third, in the refusal of the above quoted instruction; fourth, in overruling the motion for a new trial.  The first and second assignments are untenable. There was evidence on which the jury might find for plaintiff under proper direction.  It is true it is very slight, but sufficient to warrant the jury in finding as it did.  The instruction as to assumed risk, quoted above, was properly refused.  It is the rule in this state that the servant does not assume the risks of the master's negligence [Curtis v. McNair, 173 Mo. 270, 73 S. W. 167], unless it be in a case where the injury occurs from the particular mode or manner in which the servant uses the defective appliance when another safe

way to use it appears. [Harris v. Kansas City Southern R. Co., 146 Mo. App. 524, 124 S. W. 576.] The matter of the servant's knowledge of the condition under the facts of the case seems to be one for consideration on the question of contributory negligence, and the instruction was properly refused. [Blundell v. William A. Miller Elevator Mfg. Co., 189 Mo. 552, 88 S. W. 103.]

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.