## Edward Casey *vs.* Erick Sevatson.

### July 3, 1883.

**Malicious Prosecution—Docket of Justice as Evidence.**—The entry in the docket of a justice, before whom a criminal action was conducted and carried on, certifying, under Gen. St. 1878, c. 65, § 157, that the complaint was malicious and without probable cause, is not admissible in evidence in a suit for the malicious prosecution of such action.

**Same—Probable Cause.**—As respects probable cause, it is sufficient if the prosecutor act with the degree of impartiality, reasonableness, and freedom from prejudice fairly to be expected of a man of ordinary prudence and caution, acting without malice. *Cole* v. *Curtis,* 16 Minn. 161, (182,) followed.

Appeal by defendant from an order of the district court for Jackson county refusing a new trial, after a trial before *Severance,* J., and a jury, resulting in a verdict for plaintiff. The case is stated in the opinion.

*A. D. Perkins,* for appellant.

*Lind & Randall,* for respondent.

The charge of the court in defining probable cause is correct. The first part of the definition has been approved by this court in *Cole* v. *Curtis,* 16 Minn. 161, (182, 195,) and the second part is almost identical with 1 Hilliard on Torts, 430.

BERRY, J. This is an action for malicious criminal prosecution of the plaintiff before a justice of the peace. The charge made in the prosecution was that plaintiff "feloniously and unlawfully assaulted" the defendant "by striking him with a revolver." Though not technically worded, this is a charge of assault and battery. *State* v. *Garvey,* 11 Minn. 95, (154.) In the course of the trial of the present action, the plaintiff offered in evidence the docket entries of the justice in the alleged malicious prosecution, which, among other things, contained the following: "Upon due consideration of the evidence given in this case, it is adjudged * * * that the complaint was malicious and without probable cause, and that Erick Sevatson pay the costs of this action, amounting to $27.40." Defendant specifically objected to the admission in evidence of that part certifying that the complaint was malicious and without probable cause; but the objection was overruled, and exception taken. Defendant also excepted to the court's refusal to instruct the jury to disregard the docket entries, "so far as they relate to the complaint being malicious and without probable cause."

The entry referred to was made by the justice in conformity to a provision of Gen. St. 1878, c. 65, § 157. This provision is evidently framed for the sole purpose of relieving the public of costs, by saddling them upon the complainant through whose unjustifiable action they have been incurred. It could never have been intended that the certificate should have the effect of an adjudication in favor of the party complained of and against the complainant, that the complaint was malicious and without probable cause; for—*first,* the pro-

ceeding in which it is made is not between those parties, but, as respects the complainant, purely *res inter alios;* and, *second,* it is not the result of any proceeding which can be called a "trial," as respects the complainant.  And yet, if the certificate is to be received in evidence, at all, in an action for malicious prosecution, it must be received as a species of adjudication or judgment.  Certainly it would not be admissible as the mere opinion of the justice.  We think the learned judge erred in receiving the entry objected to in evidence, and in refusing the instruction to disregard it.  *Granger* v. *Warrington,* 8 Ill. (3 Gilman,) 299.

The court instructed the jury that "probable cause for instituting a prosecution is such a state of facts known to and influencing the prosecution at the time of commencing the prosecution as would lead a man of ordinary caution and prudence, under like circumstances, acting conscientiously, impartially, reasonably, and without prejudice, upon the facts within the party's knowledge, to entertain an honest and strong belief or suspicion that the person accused is guilty."  The defendant objects to the words "conscientiously, impartially, reasonably, and without prejudice."  To the word "conscientiously," in the ordinary sense of "meaning to do right," we see no objection.  But we think the instruction goes too far in requiring the prosecutor to act *impartially, reasonably, and without prejudice.*  This is too much to expect of human nature, and would discourage the institution of necessary criminal prosecutions, to great public disadvantage.  It is enough if the prosecutor act with such a degree of impartiality, reasonableness, and freedom from prejudice as can fairly be expected of a man of ordinary prudence and caution, acting without malice.  See *Bacon* v. *Towne,* 4 Cush. 217; *McGurn* v. *Brackett,* 33 Me. 331.  The subject of probable cause is fully considered in *Cole* v. *Curtis,* 16 Minn. 161, (182.)  While that case apologizes, to some extent, for the rule laid down in Hilliard on Torts, which is substantially like that given by the trial court in the case at bar, we think it lays down the better rule, and one less likely to be misunderstood.

Order reversed.