# S. MONTGOMERY SMITH
## v.
# JOHN L. HALL.

*Malicious Prosecution— Probable Cause— Evidence — Instructions —Damages.*

1. To sustain an action for malicious prosecution, want of probable cause and malice must both be shown. Probable cause is a defense to such action, no matter how much malice or ill-will animated the prosecution.

2. An instruction in such case authorizing an assessment of damages if the jury believed the defendant acted wantonly and maliciously, and ignoring the requirement of want of probable cause, should not be given.

3. Instructions once excepted to may be reviewed in an appellate court whether the giving of them is specified as a ground of a new trial or not.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. LANE & REASER, for appellant.

Messrs. CRAFTS & STEVENS, for appellee.

MORAN. J. This was an action for malicious prosecution in which appellee recovered against appellant a verdict and judgment for $162. The court gave to the jury, at the request of appellee, the following instructions:

"1. The courts instructs the jury, that the prosecution of a person criminally, with any other motive than that of bringing the parties to justice, is a malicious prosecution, and if the jury believe, from the evidence, that the defendant procured the arrest of the plaintiff with any other motive than that of honestly bringing the plaintiff to trial for a crime committed by said plaintiff, then the jury will find for the plaintiff, and assess his damages at such sum as they believe, from all the evidence, will be just and right."

Smith v. Hall.

This was error. To sustain an action for malicious prosecution, want of probable cause and malice must both be shown. If there was probable cause, then there is a defense to the action, no matter how much malice or ill-will animated the prosecution.

A prosecution may be in fact malicious, and may be for the purpose of injuring the person against whom it is brought, and gratifying the hatred or revenge of the prosecutor, and yet, if probable cause existed, there can be no recovery in the action of malicious prosecution. Israel v. Brooks, 23 Ill. 575.

Appellee seeks to defend the instruction, on the ground that it is taken from the language of the opinion of the Supreme Court in Krug v. Ward, 77 Ill. 603. The court was then speaking of a prosecution had for the purpose of procuring the surrender of the prosecutor's note. The context in which the sentence is used shows that the court had no idea of holding that proving a wrong motive without also showing want of probable cause, would sustain an action for malicious prosecution. It is said: "The prosecution of a person, with any other motive than that of bringing a guilty party to justice, is a malicious prosecution in law; * * * and the evidence showing that the prosecution *was without reasonable or probable cause*, the case was fully made out."

The cases stating the rule that want of probable cause as well as malice, must always be proved in order to sustain the action of malicious prosecution, are so numerous and the doctrine so elementary, that it would be affectation to cite authorities.

The court also gave the following instruction: "6. The court instructs the jury that the measure of damages for the legal injury in this cause is compensation to the plaintiff for all time lost, if any, and money, if any, expended in the necessary defense of said arrest, and that the jury may, in addition to such legal damages, in case they believe from the evidence that the defendant acted wantonly or maliciously, add such further sum as exemplary or punitive damages as the jury believe, from all the evidence, is just and reasonable, keeping

in mind the nature of the wrong, and all the circumstances as shown by the evidence."

This is subject to the same objection. It authorizes an assessment of damages if defendant acted wantonly or maliciously, and ignores the requirement of want of probable cause. It is therefore bad. Moreover, such an instruction, with relation to exemplary damages, has no proper office to perform in an action where, in order to recover at all, malice must be found as a necessary ingredient.

Appellee contends that the error in giving these instructions are not available to appellant, because he did not rely on the giving of them in the written motion for new trial. The motion for the new trial specified the giving of certain other instructions, designated by number therein, as reasons for granting a new trial, but did not specify the instructions above set out. It has been frequently held that when a written motion for a new trial has been filed, points not specified in it will be held to be waived, but this rule is not applied with reference to instructions, as was expressly held by this court in Leyenberger v. Paul, 25 Ill. App. 480.

Instructions once excepted to may be reviewed in an appellate court whether the giving of them is specified as a ground of a new trial or not.

No instruction was given by the court which cures the errors in those quoted above, and for the giving of them the judgment must be reversed and the case remanded.

*Reversed and remanded.*