## Tillman Anderson, Appellee, v. Thomas T. Fletcher, Appellant.

### Gen. No. 7,092.

1. APPEAL AND ERROR—*law of the case as binding on second appeal.* The opinion of the Appellate Court on a former appeal reversing a judgment of $7,500 for damages for malicious prosecution on the ground that the amount is so grossly excessive as to require a reversal is binding upon the Appellate Court upon an appeal from a judgment rendered on a second trial of the same case for $15,000 and requires a reversal of the latter judgment, there being no material difference in the findings of the court as to the injuries shown on the first trial and those claimed and relied upon in the second one.

2. SAVING QUESTIONS FOR REVIEW—*sufficiency of objection to admissibility of evidence.* In an action for malicious prosecution, an objection to the admission of a certified copy of the transcript showing an order of *nolle prosequi* in the prosecution in question, on general grounds, and also that it is competent only to show the termination of the prosecution, is sufficient to enable defendant to raise on appeal alleged error in admitting such transcript generally without limiting its admission to the purpose stated, even though no instruction was offered by defendant defining and limiting the purpose for which it was admitted.

3. Malicious prosecution—*admissibility of transcript of nolle prosequi.* A certified copy of the transcript in a criminal prosecution showing an order of *nolle prosequi* is not admissible generally and for all purposes but only for the purpose of showing the termination of the prosecution, objection having been made to its admission without limitation.

4. Malicious prosecution—*advice of counsel as covering advice of judge who is not licensed attorney.* It is not a bar to malicious prosecution that defendant before instituting the criminal charge consulted the county judge, who was not a licensed attorney, and fully and fairly disclosed all facts to him and acted on his advice, but such matters may be shown in mitigation of damages.

5. Malicious prosecution—*sufficiency of instruction.* An instruction which authorizes the infliction of punitive damages if the jury find defendant guilty and that he acted without probable cause is not erroneous for accentuating the element of malice, where it contains all necessary elements of the offense and is not prejudicial to defendant when considered with the other instructions.

6. Saving questions for review—*necessity for objections to argument of counsel.* Inflammatory and prejudicial argument of counsel will not be reviewed on appeal in the absence of any objection and exception thereto.

Appeal by defendant from the Circuit Court of Grundy county; the Hon. Edgar Eldredge, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded. Opinion filed March 16, 1923.

Mighell, Gunsul & Allen and Cornelius Reardon, for appellant.

Frank H. Hayes, Jay Stough and H. B. Smith, for appellee.

Mr. Justice Jett delivered the opinion of the court.

This is an action on the case for malicious prosecution by Tillman Anderson, appellee, against Thomas T. Fletcher, appellant, brought in the circuit court of Grundy county. The gist of the action as charged in the declaration is that the appellant maliciously and without probable cause procured the arrest and subsequent indictment of appellee, charging him with the

crime of larceny, the stealing, taking and hauling away certain oats of the value of $250 from the premises of appellant, which indictment was subsequently *nolle prossed* and appellee discharged. The issues were submitted to a jury and a verdict was returned in favor of appellee, assessing his damages at the sum of $15,000. Motion for a new trial was denied by the court and judgment entered on the verdict for the said sum so found by the jury. This cause was before this court on a former occasion. Upon a previous trial in the court below appellee obtained a judgment for $7,500, from which appellant appealed to the April term, 1920, of this court, and the judgment was reversed and remanded. 219 Ill. App. 636. Because the statement of facts and opinion heretofore filed were not published in full and on account of the conclusion we have reached, we deem it necessary to incorporate herein the statement and findings previously made by this court which are as follows:

"In August, 1914, one R. F. Booth, being the owner of a farm in Kendall county, known in the evidence as the Murley farm, entered into a written contract with appellant to sell the same to him, possession of the premises and deed to be given March 1, 1915. In the fall of 1914, Elias Knudson, as tenant of appellant, did some fall work on the premises and on March 1, 1915, moved on and took possession of the same and remained thereon as tenant of appellant until after March 22, 1918. Subsequently to entering into the contract a dispute arose between Booth and appellant as to the number of acres in the farm and as to the amount of the purchase price. On June 25, 1915, Booth filed in the circuit court a bill against appellant for the specific performance of the contract, which bill he afterwards dismissed. Knudson, as appellant's tenant, worked the farm in 1915, 1916 and 1917, delivering to appellant one-half of the crops as rent, but up to March 22, 1918, appellant had not received a

deed for the farm.  On the last-mentioned day Booth and appellee, Tillman Anderson, whom Booth had hired for the purpose, went with a team and wagon to the Murley farm, and after learning from the tenant where the oats, which had been grown on the premises the preceding year, were, took three loads away in the wagon, one in the morning and two after dinner, delivering them to a nearby elevator.

"Appellant learning that the oats were being removed and taken to the elevator by Booth and appellee went to Yorkville, the county seat, and after talking about the matter with Clarence Williams, who was then judge of the county court, but not a licensed attorney, went with him to the office of a police magistrate of Yorkville, where appellant swore out a warrant for appellee's arrest, charging him with larceny of the oats in question.  Appellee was arrested by the sheriff, bound over to the grand jury by the police magistrate and by the grand jury indicted for the larceny of the oats.  A *nolle prosequi* was entered to the indictment by the State's Attorney.  Thereupon, appellee, by Christopher Anderson, his father, as next friend, brought suit for malicious prosecution against appellant.  A trial resulted in a verdict for appellee for the sum of $10,000.  Upon motion for new trial appellee remitted $2,500, and thereupon the court rendered judgment for $7,500 in favor of appellee against appellant, from which judgment appellant has perfected his appeal.  It is contended by appellant that the judgment is manifestly excessive.

"Appellee at the time in question was eighteen years of age, living with and working for his father a few miles from the Murley farm; he was familiar with the controversy between Booth and appellant concerning the farm.  He knew that appellant had contracted to buy the farm and that Knudson, as appellant's tenant, had taken possession on March 1, 1915, and had harvested for appellant the crops for the years 1915, 1916

and 1917. Before starting to get the oats on the day in question, his father had told them he would bet they would not get many oats, that appellant would stop them. While not guilty of larceny he was guilty of assisting in taking and selling the property of another without any warrant of law. He was not confined in jail, and was only in the custody of the sheriff for a few hours. No special circumstances of publicity, shame or humiliation is shown in aggravation of appellee's damages. He testified that immediately after his arrest he felt weak and later was ashamed to meet people and that the case worried him. The sheriff testified that when he told appellee that he had a warrant for him appellee smiled and laughed. Appellee was put to an expense of $250 in defending himself on the larceny charge and lost five days on account of the case in attending hearings and court, and spent four or five days in preparing his defense."

On the second trial appellee, when testifying in his own behalf, among other things, said: "I didn't go any place because I felt out of place everywhere, and they wouldn't talk to me, and they kind of jeered at me, and at times I couldn't eat or sleep. I lost nine pounds. I went to the expense of $250 attorney's fees to H. B. Smith."

It appears there is no material difference between the finding of the court as to the injuries shown on the first trial and that claimed and relied upon on the second trial. This court in its opinion filed October 12, 1920, said: "Under the facts of this case we regard the judgment of $7,500 so grossly excessive as to require a reversal of the judgment." It was further said in said opinion: "When a verdict is so flagrantly excessive as to be only accounted for on the grounds of prejudice, passion or misconception of the case, a remittitur does not remove the prejudice, passion or misconception, as such elements may have entered in-

to the finding of other facts important to the issue itself.''

We are, on this appeal, bound by the holdings and findings of this court in its former review as the law of the case. It is a well-settled rule of law that the opinion of a court of review becomes the law of the case binding alike upon the parties, the lower court upon a retrial, and upon the reviewing court upon a subsequent appeal. This rule has been extended until it includes and applies even to a decision as to the competency of evidence. *Worthy v. Birk,* 224 Ill. App. 574-577; *Wall v. Chesapeake & O. Ry. Co.,* 210 Ill. App. 136.

The decision of this court on the former review became the law of the case binding upon the parties and the trial court, and is the law of the case in this court. *Victor Elec. Co. v. Miller,* 199 Ill. App. 577-578. The decision of the Appellate Court on a former appeal is binding as the law of the case on the same questions on the second appeal. *Cutler v. Pardridge,* 207 Ill. App. 221. Previous holding of Appellate Court in same subject-matter is the law of the case on a subsequent appeal. *Tisdale v. Davis,* 198 Ill. App. 116.

In the case of *Wilson v. Carlinville Nat. Bank,* 87 Ill. App. 364, the court said: ''The facts established by the evidence upon the second trial are substantially the same that appeared upon the first trial. Under the provision of the Appellate Court Act, the previous opinion filed in this cause is of binding authority herein, and however much disposed we might be to reconsider the reasons of the court for its decision expressed in that opinion, we have no right to do so. Such a practice would produce judicial chaos. That opinion and the reasons and the judgment of the court, expressed upon the same facts in the same case before us, are binding upon the parties herein and upon the court.''

In view of the fact this court held when this cause

was before it on the first appeal, that the judgment of $7,500 was so grossly excessive as to require a reversal of the judgment, in the light of the rule as has been repeatedly announced as above indicated there is but one conclusion that can be reached, and that is a reversal of the judgment entered herein for the sum of $15,000.

Because of certain objections having been made and raised on the trial and argued in this court, with reference to the admissibility of testimony, and because of the further fact that this is the second time that this proceeding has been reviewed, we feel it is proper to pass upon the questions raised. Appellee put in evidence a certified copy of the transcript of the circuit court of Kendall county, showing the order of *nolle prosequi* entered in the criminal case in which appellee was defendant, and the document was admitted in evidence without any limitation of the purpose for which it was admitted. The record discloses the following: Appellee offered in evidence exhibit 31, objection by counsel for appellant; the court then inquired what the exhibit was; counsel for appellee stated that it was a transcript of the criminal proceedings at Yorkville, and a certificate of the circuit clerk. The court then called upon counsel for the appellant to state the objection; counsel for appellant stated: "We object on the ground that it is incompetent, not tending to prove any of the issues in this case, immaterial, and it is only competent, if competent at all, I think, for the purpose of showing the termination of the suit in question." Counsel for appellee then stated: "We will offer it for that purpose." The objection was overruled by the court. Other counsel for appellant then said: "We offer the instrument on its face value for what it is." Counsel for appellant again objected for the reasons stated; the objection was overruled. Appellant then moved to strike the instrument for the reasons stated in his objection, which

was overruled and exception had to the ruling. It is insisted by appellant that the introduction of this exhibit without any limitation as to the purpose for which it should be admitted constituted reversible error. It is contended upon the part of appellee that appellant cannot insist on the error committed because it was the duty of the appellant to offer an instruction defining and limiting the purpose for which this particular testimony was offered. We are of the opinion by reason of the objections made by appellant to the introduction of exhibit 31, and the motion to strike it, that he is in a position to raise the question properly in this court. Under the authorities in this State it has been repeatedly held that when evidence of this character is offered that it should be limited, and the jury should be informed that it was admissible only for the purpose of showing the termination of the suit.

We are of the opinion that it was error for the court to permit the introduction of this evidence without informing the jury the purpose for which it was admitted. In going to the jury as it did, as was stated by counsel for appellee "on its face value for what it is," it was calculated to be considered by the jury as bearing upon the question of the innocence of appellee. As the question was not whether appellee was in fact guilty or innocent, but whether appellant had probable grounds for believing him to be guilty, it is obvious that it was error to admit this testimony without limiting the purpose of its admission.

It appears that appellant, before making the complaint by reason of which appellee was arrested, laid the facts before Judge Williams, judge of a county court; that having done so because of the fact of having taken the advice and acting on that advice, appellant insists it is a bar to this prosecution. It is conceded that Judge Williams, although a judge of the county court, was not a licensed attorney. This raises a legal inquiry of unusual interest; it becomes an ex-

ceedingly interesting question because of the holding of the court in the case of *Glenn v. Lawrence*, 280 Ill. 581. It is insisted that because Judge Williams is the judge of a court of record, appellant ought not to be held responsible for his judgment of the law, whether it be correct or incorrect. By reason of the conclusion we have reached, concerning the advice given by one not a licensed attorney but a judge of a court of record, as in the present case, we are not unmindful of what was said by the court in the *Glenn* case. The warrants were issued in that suit after the complaint had been submitted to a judge of the municipal court of Chicago. The act providing for the municipal court of Chicago prescribes who shall be eligible for judges of that court. The act provides "that no person shall be eligible to the office of the chief justice or associate judge of the municipal court unless he shall be at least thirty years of age  *  *  *  and been engaged either in active practice, as an attorney and counsellor at law, or in the discharge of the duties of a judicial office, five years next preceding his election, or in one of said occupations during a portion of said time, and in the other the remaining portion thereof." [Cahill's Ill. St. ch. 37, ¶ 398.] The decision in the *Glenn* case does not undertake to overrule any holdings of the court bearing upon the question involved. Prior to the opinion in the *Glenn* case a rule had been announced that in our judgment throws some light upon the question before us and under consideration. In the case of *Murphy v. Larson*, 77 Ill. 172; which was for a malicious prosecution, the court said: "There must always be an element of good faith in the selection of counsel, and the counsel selected must be a regularly licensed attorney and counselor, reputable in character, and considered in the community competent to give legal advice on all matters pertaining to the law. It is not sufficient, as a bar to the action, that the person advising the prosecution held himself

out as an attorney at law, and was believed to be such by the party consulting him.''

In said opinion it was further said: ''Where a party, before instituting a criminal prosecution, in good faith consults one who he supposed was a licensed attorney and learned in the law, and competent to advise, but who, in fact, was not licensed, and acts upon his advice, the advice so given is competent evidence in an action for malicious prosecution, on the question of malice and in reduction of exemplary damages that may be claimed, but not in bar of the action, or in reduction of any actual damages.''

When the advice of counsel is invoked as a defense to an action for maliciously suing out an attachment, it must be shown that the counsel advising was a regularly licensed attorney and counsellor, reputable in character and so considered in the community, competent to give legal advice on all matters pertaining to law. *Davis v. Baker,* 88 Ill. App. 251.

The protecting power of the rule that one who fully and fairly submits to learned counsel all the facts which he knows, or by proper diligence could know, and is advised that they are sufficient to sustain the prosecution, and acting in good faith upon such opinion does institute criminal proceedings, cannot be held liable in an action for malicious prosecution, although the legal opinion given is erroneous, it is limited to the advice of licensed attorneys in good standing, and of reputed learning and competency. It should not be extended beyond these limitations. *Marks v. Hastings,* 101 Ala. 165, 13 So. 297.

Without citing further authorities, we cannot agree with the contention of appellant that although he, in good faith, consulted the judge of the county court in question and acted upon his advice, it should operate as a bar to the prosecution, but we do think that it was proper to prove that he did as a matter of fact consult Judge Williams, and to show that he laid all

of the facts before him, and then if he acted in accordance with the advice, that such testimony should be admissible as bearing upon the questions of malice and of exemplary damages. We are therefore of the opinion that the fact that he consulted Judge Williams, although he is not a licensed attorney, was proper to be shown, not in justification of the action, nor in reduction of actual damages suffered, if any, but in mitigation of any exemplary damages.

As the ground of this action is malice and want of probable cause, any fact tending to disprove either is a proper element of proof. It was indispensable to maintain the action that it should appear affirmatively that appellant, in instituting the prosecution against appellee on the charge of larceny, acted maliciously and without probable cause, and both must concur. The fact he obtained counsel of one he supposed was learned in the law and competent to give advice and was advised by him upon a disclosure of the facts and circumstances to commence the criminal prosecution, while it constitutes no defense, was competent evidence on the question of malice. If he acted in good faith, and that was a question for the jury, it would negative, in a high degree, the idea of malice and that fact ought to go in mitigation of exemplary damages. *Murphy v. Larson*, 77 Ill. 177.

It is earnestly urged the court erred in the giving of instructions on the part of appellee and in the refusal of those offered by appellant. Appellee's instruction No. 21 is as follows:

"The court instructs the jury that if they find, from the evidence, that the defendant is guilty, and that the plaintiff has suffered actual damage by reason of the malicious conduct of the defendant, acting without probable cause, if you believe from the evidence the defendant's conduct was malicious and without probable cause, then, in addition to the damage actually suffered if any are shown by the evidence by the plain-

tiff, you may assess against the defendant punitive damages, if the evidence warrants it, and, in assessing such punitive damages, you may take into consideration the wealth of the defendant, if shown by the evidence, as well as the age, position in society and reputation of the plaintiff, if shown by the evidence.''

It is insisted that this instruction was misleading and prejudicial because it accentuated the element of malice, and for that reason gave the jury an additional excuse and opportunity to punish appellant.

In support of this contention, our attention has been called to the case of *Smith v. Hall*, 37 Ill. App. 28-29. We do not understand that the holding in this case is contrary to any rule announced in this instruction. The instruction in *Smith v. Hall, supra,* did not require the jury to find appellant guilty from the evidence, before assessing damages.

It omitted the element of want of probable cause and authorized the assessment of damages, if the defendant acted wantonly or maliciously. We are not prepared to say that instruction No. 21, complained of, when considered with the other instructions given on the part of appellant and appellee, worked any prejudice to the appellant. Because of what we have said in a previous part of this opinion, relative to advice of the judge of the county court, who was not a licensed lawyer, we are of the opinion it was not error to give instruction No. 20, that was given on the part of appellee.

Instructions 15 and 16, given for appellee, and refused instructions 3, 5 and 6, offered by appellant, deal with authority of an infant to release or settle the cause of action, and with the question as to whether or not a settlement was made, and by reason of that settlement a *nolle* of the indictment was had. On an examination of the record it is found that appellant pleaded two special pleas, pleading that the criminal prosecution against appellee was *nolle prossed* at his

procurement, and that he made the settlement in which he released any cause of action he may have had against appellant. Appellee replied that he was an infant and not bound by any steps taken or had at the time the *nolle* was entered. Appellant joined issue thereon. In view of the issues herein, and the testimony heard relative thereto, we are of the opinion the court did not err in the giving of instructions 15 and 16, and refusing instructions 3, 5 and 6.

In conclusion, we are clearly of the opinion the verdict of the jury was the result of passion and prejudice. The argument on the part of appellee was calculated to inflame the minds of the jury, and from the verdict returned it evidently did.

If appellant expected to have considered the argument by counsel for appellee, on appeal, objections should have been made, and a ruling had and an exception preserved.

The trial in the circuit court, after reversal and remanding of this cause, should have been conducted in view of the holding and finding of this court on former review.

As there will probably be another trial, we will not express any opinion regarding the merits of the case.

For the reasons herein assigned the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*