CHARLES McLAUGHLIN, by His Next Friend, CARSON McLAUGHLIN,
v. JOHN M. BLACK.

(Filed 1 February, 1939.)

**Master and Servant § 16—Evidence of negligence in failing to warn young, inexperienced employee held for jury.**

Plaintiff, at the time of his injuries, was sixteen years old, and was injured on the second day of his employment at defendant's sawmill when he was caught in the unguarded saw. It appeared that plaintiff had had no previous experience in this work, and that defendant failed to warn and instruct him in regard to the dangers and hazards. *Held:* The evidence was sufficient to overrule defendant's motion to nonsuit, and should have been submitted to the jury on the question of whether defendant was negligent in failing to warn and instruct his young and inexperienced employee as to the dangers and hazards.

APPEAL by plaintiff from *Bivens, J.,* at September Term, 1938, of MOORE. Reversed.

The plaintiff in his complaint alleges, in part: "That on the 12th day of November, 1936, defendant ordered plaintiff to report for work at a certain sawmill, which was owned and operated by defendant in the aforesaid county and State; that plaintiff had never engaged in sawmill work, or as an employee in such a capacity, until the said 12th day of November, 1936. That about 7:45 o'clock on the morning of November 13, 1936, while engaged in the employ of defendant at defendant's sawmill, as aforesaid, and while conducting himself in a careful and prudent manner, plaintiff was struck and caught up by the saw at the said sawmill of defendant; that as a direct result thereof, plaintiff suffered severe and painful and lasting injury, to wit: the left leg of plaintiff was so deeply cut and lacerated that it became necessary to amputate the said leg. . . . That the said injuries and great bodily and mental pain incidental thereto were proximately caused by, and were the proximate and direct results of, the culpable and unlawful negligence and carelessness of defendant; that defendant negligently and carelessly and imprudently failed to erect and maintain guards, or any protection whatever, around the said saw, but allowed it to run open and naked; that the said open saw created a condition dangerous to plaintiff in his capacity as an employee at the said sawmill, which dangerous condition was known to, or in the exercise of reasonable care should have been known to the defendant; that defendant negligently and carelessly failed at any time to warn plaintiff of the dangers inherent in the sawmill work which plaintiff was performing for defendant, even though plaintiff was at that time only sixteen years of age and had been engaged

in such work for only one day prior to the date of said injury, which said facts were within the knowledge, or by the exercise of reasonable care should have been within the knowledge of defendant." Prayer for damage.

The defendant denied the material allegations of the complaint and set up the plea of contributory negligence.

*W. A. Leland McKeithan for plaintiff.*
*Seawell & Seawell for defendant.*

CLARKSON, J.   At the close of plaintiff's evidence the defendant made a motion in the court below for judgment as in case of nonsuit.   C. S., 567.   The court below overruled the motion.   Exception by defendant. The motion was renewed by defendant at the conclusion of all the evidence and the court below granted the motion.   In this we think there was error.   We think the evidence sufficient to be submitted to the jury.

In Vol. 1, Sherman & Redfield on Law of Negligence (6th Ed.), part sec. 219, it is stated: "It is the duty of one who employs young persons in his service to take notice of their apparent age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate, and to which they ought not to be exposed.   This is a duty which cannot be delegated; and any failure to perform it leaves the master subject to the same liability, with respect to such risks, as if the child were not a servant.   For this purpose, the master must instruct such young servants in their work and warn them against the dangers to which it exposes them, and he must put this warning in such plain language as to be sure that they understand it and appreciate the danger. . . .   But the master is not required to point out dangers which are known or must be obvious to and fully appreciated by the servant, after making due allowance for his youth.   Generally, this question is for the jury. . . .   (Part sec. 219a): When the master has notice of such ignorance or inexperience on the part of the servant as would make the ordinary risks of the business especially perilous to that servant, he must give the servant explicit warning of the danger, and not allow him to undertake the work without a full explanation of its perils." *Fitzgerald v. Furniture Co.,* 131 N. C., 636 (639); *Hollon v. Lumber Co.,* 152 N. C., 68; *Walters v. Sash and Blind Co.,* 154 N. C., 323; *Ensley v. Lumber Co.,* 165 N. C., 687 (692-3); *Holt v. Mfg. Co.,* 177 N. C., 170 (175).

For the reasons given, the judgment of the court below is
Reversed.