[File No. 7256]

FRANK OLSON, Respondent, v. KEM TEMPLE ANCIENT ARABIC ORDER OF THE MYSTIC SHRINE, a Fraternal Corporation, Appellant

(49 NW2d 99)

264 

Opinion filed August 27, 1951

*Day, Lundberg, Stokes, Vaaler & Gillig,* for appellant.
*Shaft & Benson,* for respondent.

PER CURIAM: This is a negligence action which has been twice tried by a jury. At each trial, the jury rendered a verdict in favor of the plaintiff for money damages for personal injuries

received by him in falling from a defective stepladder while decorating the interior of a pavilion preparatory to a social function given by the defendant, a fraternal corporation.

At the trial of this action defendant moved for a directed verdict. This motion was denied and after the jury returned a verdict for the plaintiff, defendant moved for judgment notwithstanding the verdict. This motion was also denied and defendant has appealed both from the order denying the motion for judgment non obstante and from the judgment entered in the case. Upon such an appeal only the correctness of the trial court's ruling on the motion for judgment notwithstanding the verdict may be reviewed and the correctness of that ruling depends upon whether the moving party was entitled to an directed verdict at the time the motion for a directed verdict was made. Weber v. United Hardware and Implement Mutuals Co., 75 ND 581, 31 NW2d 456; Olson v. Ottertail Power Co., 65 ND 46, 256 NW 246, 95 ALR 418; Westerso v. City of Williston, 77 ND 251, 42 NW2d 429. The sole question therefore is whether the evidence in the case warranted the direction of a verdict. Rokusek v. National Fire Ins. Co., 50 ND 123, 195 NW 300; First Security Bank of Raleigh v. Bagley Elevator Co., 61 ND 140, 237 NW 648. And in reviewing the trial court's ruling upon such a motion this court will take the view of the evidence most favorable to the party against whom the motion was directed. Haser v. Pape, 77 ND 36, 39 NW2d 578; Schantz v. Northern Pac. Ry. Co., 42 ND 377, 173 NW 556; Thompson v. Smith, 45 ND 479, 178 NW 430.

Plaintiff and all of the witnesses to the accident were members of the defendant fraternal corporation. At the time of the accident they were engaged in decorating a pavilion which was being prepared for the entertainment of an important guest. The plan of decoration called for the hanging of long streamers from a center wire, so as to create a tent effect. The center wire extended the length of the pavilion, about 100 feet. The wire was fastened at each end and in the center of the building. It sagged between the ends and the center. In affixing the streamers to the wire plaintiff used a stepladder provided by the defendant. The ladder was a portable set of flat steps, counter-

sunk into groves in the side pieces, which were 14 feet long. It was constructed of pine or fir lumber. The steps and side pieces were of the same thickness, ¾ of an inch and also of the same width 3¾ inches. The ladder was old having been acquired by the defendant, second-hand, in 1931. According to the testimony it was "wobbly" and "rickety".

Plaintiff used this ladder for about an hour before his injury. He began hanging streamers at one end of the pavilion, working toward the center. At the center the wire, to which the streamers were attached, was higher and it was necessary for him to go one step higher on the ladder than he had previously gone. For the first time he stepped on the next higher step. It was defective. When he put his weight on it, the loose step tilted and caused him to lose his balance and fall to the floor. He was seriously injured.

Upon the former appeal of this case, 77 ND 365, 43 NW2d 385, this court by a divided opinion affirmed an order of the trial court granting a new trial upon the ground of the insufficiency of the evidence. In that decision it was held that plaintiff was an employee of the defendant; that defendant was bound to exercise ordinary care to furnish his employees with reasonably safe and proper tools and appliances with which to work; that the step-ladder furnished plaintiff was a simple tool and that where a tool is simple in construction and a defect therein is discernible without special skill or knowledge, and an employee is as well qualified as an employer to detect a defect and appraise the danger resulting therefrom, the employee may not recover damages from his employer for an injury due to such a defect that is unknown to the employer. The particulars in which this court found the evidence on the former trial to be insufficient are set forth on page 388 of the opinion as follows: "The plaintiff's testimony indicates that he does not attribute the accident to the general debility of the ladder, but to the fact that a step tipped when he placed his weight upon it. The condition of the step was not obvious, and there is no evidence that anyone knew the step was loose prior to the accident."

In his motion for a directed verdict at the second trial defendant urged that there was no evidence that the defendant or any

of its officers and agents had any knowledge of the defect in the ladder which caused plaintiff's injury. The trial judge was clearly of the opinion that the evidence in this respect was sufficient to go to the jury. He denied the motion for a directed verdict and instructed the jury that if they found either that the defendant had actual knowledge of the defect in the tool and the plaintiff had not, or that the defendant knew that the use of the tool was dangerous when used for a particular purpose and that defendant supplied the tool without warning the plaintiff of the defect or danger, then, in the absence of contributory negligence on the part of the plaintiff the defendant would be liable in damages.

Upon the issue of defendant's knowledge, the evidence at the second trial was much more extended and in greater detail than it was at the first trial. Some of defendant's officers and agents testified that they knew that the stepladder had fallen into a state of disrepair, several times with respect to loose steps. They testified as to instances where the glue which held cleats under the steps of the ladder had dried and fallen out, and repairs had been made by nailing some of the steps with small nails. Upon this testimony the jury could have found, and apparently did find, that defendant's officers and agents had actual knowledge that some of the steps had become loose because of a condition which in all probability would affect all of the steps eventually; that they knew that one of the weaknesses of the ladder was that it was subject to defective steps. This was sufficient knowledge to put upon the defendant the duty of warning the plaintiff. No such warning was given.

The second ground of defendant's motion for a directed verdict was that the evidence established that plaintiff was guilty of contributory negligence as a matter of law. Questions of negligence and contributory negligence are questions of fact unless the evidence is such that only one conclusion can be deduced therefrom. Logan v. Schjeldahl, 66 ND 152, 262 NW 463; Schultz v. Winston & Newell Co., 68 ND 674, 283 NW 69; McCullagh v. Fortune, 76 ND 669, 38 NW2d 771.

Here evidence shows that the plaintiff, before using the ladder, looked it over, took hold of it on each side and shook it to see if

it was steady. It shows that the loose step was not observable by visual inspection. In the circumstances the question of plaintiff's contributory negligence was clearly for the jury.

It follows that the trial judge's rulings on the motion for a directed verdict and on the motion for judgment notwithstanding the verdict was correct.

The judgment of the district court is affirmed.

MORRIS, Ch. J., BURKE, SATHRE and CHRISTIANSON, JJ., and GRONNA, Dist. J., concur.

GRIMSON, J., disqualified, did not participate, Hon. A. J. GRONNA, Judge of Fifth Judicial District, sitting in his stead.