Anna MYERS, Plaintiff and Respondent,

v.

MANDAN CONSUMERS COOPERATIVE ASSOCIATION (a domestic corporation), Defendant and Appellant.

No. 7716.

Supreme Court of North Dakota.

Sept. 15, 1958.

Rehearing Denied Oct. 16, 1958.

Cox, Pearce & Engebretson, Bismarck, for appellant.

Lord & Ulmer, Mandan, C. J. Schauss, Mandan, for respondent.

BURKE, Judge.

Plaintiff was injured by falling while leaving defendant's retail store. She brought suit for damages for her injuries, alleging that defendant was negligent in maintaining a means of egress from the store which was unsafe and inherently dangerous to patrons of the store. In its answer the defendant denied any negligence on its part, denied that plaintiff's fall was caused by the manner in which the means of egress was constructed and alleged, if it was so caused, plaintiff's own negligence contributed proximately thereto. The issues in

the case were tried to a jury and a verdict in favor of the plaintiff was returned. Judgment was entered in accordance with the verdict. Thereafter defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied in both its phases and defendant has appealed both from the order of denial and the judgment.

Upon its motion for judgment notwithstanding the verdict the defendant urged: first, that there was no proof whatever of the cause of plaintiff's fall; and second that the evidence established, as a matter of law, that plaintiff's own negligence contributed proximately to the cause of her injuries.

The accident occurred at about 9:45 a. m. on a bright warm spring day. The exit door of the store is 35½ inches wide. It is set in five inches from the outer wall of the building. Immediately outside the entry way is a concrete stoop on the same level as the store floor but separated therefrom by a threshold. The stoop extends outward 18½ inches from the outer wall of the building and 23½ inches outward from the threshold. The threshold is not described in the evidence. The stoop has some slope downward from the threshold to its outer edge and its perpendicular height from the sidewalk, at its outer edge, is five inches. The door swung outward and it is apparent that when it was opened ninety degrees, it would extend some 13 inches beyond the outer edge of the stoop. The door was opened by means of a push bar attached to its inner side.

The particular items which plaintiff contends amount to negligence in construction are:

(1) There should have been a ramp instead of a step.

(2) The door when opened projected beyond the outer edge of the stoop.

(3) The exit door was "too narrow".

(4) That the stoop had an excessive slope.

(5) The bottom half of the door was not glazed, so that patrons of the store who were about to leave could not see the stoop from the inside.

Plaintiff had purchased some groceries while in the store and as she approached the door to leave she held the groceries with her left arm and her purse in her right hand. The groceries were contained in a sack which she described as being 18 inches high and 10 to 12 inches wide. Her testimony as to her fall is as follows:

"Q. You say you reached out and pushed the door open? A. That is right.

"Q. With which hand? A. My right hand.

"Q. Then what did you do? A. Started to go out and fell as I went out.

"Q. Did you trip on anything? A. There wasn't anything to trip on.

"Q. Just what did occur? A. I stepped out as I pushed the door.

"Q. Do you recall your foot touching any step at all? A. No I didn't.

"Q. Do you recall what happened to the door as you stepped out? A. I don't remember that.

"Q. Where did you fall when you came out? A. As I fell out?

"Q. Where did you fall? A. On the sidewalk."

On cross-examination she testified:

"Q. When you opened the door and took a step forward did you stand on the platform? A. I didn't stand. I took a step to go out, I had hold of the door and I fell."

The only other witness to the accident, plaintiff's husband, testified:

"She had this hand with groceries in it and this hand with the bag and she put this hand against the iron bar and pushed the door open with her right hand. When she got so far out the door opened and she fell."

It is defendant's contention that this testimony does not in anyway establish that plaintiff's fall was caused by any of the alleged defects in the exit. Counsel says the fall was not caused by the fact that the platform was too narrow or too sloping because according to plaintiff's own testimony she started to fall before she set foot on the platform. Therefore defendant says, that even if some of the features of the exit were unsafe, there is no proof that such alleged unsafe features were the proximate cause of plaintiff's injuries.

On the other hand plaintiff's counsel argues:

"But for the slope of the stoop, she would not have been caught off balance and but for the shortness of the platform she would have recovered her balance, and but for the way the door extended over the stoop she would have been better able to guard against falling. These are matters fairly inferable from the physical facts as testified to and viewed by the jury, by reasonable minds and not conjecture."

Ordinarily questions of negligence and probable cause are for the jury. Schweitzer v. Anderson, N.D., 83 N.W.2d 416; Olson v. Kem Temple Ancient Arabic Order of Mystic Shrine, 78 N.D. 263, 49 N.W.2d 99. As to the question of proximate cause, we stated the rule with more particularity in Farmers Home Mutual Insurance Company v. Grand Forks Implement Company, 79 N.D. 177, 55 N.W.2d 315, at page 318, wherein we stated:

"If the evidence of circumstances will permit a reasonable inference of the alleged cause of injury and exclude other equally reasonable inferences of other causes, the proof is sufficient to take the case to the jury. 65 C.J.S. Negligence § 244, pages 1091, 1092. If on the other hand, plaintiffs' proof is such that it is equally probable the injury was due to a cause for which the defendant was not liable a prima facie case is not established. Meehan v. Great Northern Ry. Co., 13 N.D. 432, 101 N.W. 183."

In Farmers' Mercantile Co. v. Northern Pacific Railway Co., 27 N.D. 302, 146 N.W. 550, at page 555, in discussing the same principle we said:

"The rule of probabilities has perhaps been as clearly stated by the Supreme Court of Idaho in the case of Adams v. Bunker Hill Mining Co., 12 Idaho 637, 89 P. 624, 11 L.R.A.,N.S., 844, as in any other case. 'Where the evidence in a personal injury case,' the court says, 'is so uncertain as to leave it equally clear and probable that the injury resulted from any one of a number of causes that might be suggested, then and in that case a verdict for the plaintiff would be pure speculation and could not be sustained; * * *.'"

In this case there is no direct evidence as to the cause of plaintiff's fall. All she says is, that she started to go out and fell as she went out. When her attorney asked her, "Where did you fall when you came out?", she corrected his choice of language and said, "As I fell out". She was asked, "Do you recall your foot touching any step at all?", and she replied "No, I didn't." Her husband testified: "She put this hand against the iron bar and pushed the door open with her right hand. Then when she got so far out, the door opened and she fell." Not only is there no evidence as to the cause of her fall but there is no evidence that she, at the time, set foot on the stoop which was alleged to be unsafe. The most reasonable inference from the testimony as to the cause of her fall is that, in pushing upon the bar to open the door, she leaned against it, and when the door latch released, and the door swung

outward, she lost her balance and fell. As her husband stated, "The door opened and she fell."

█ It is difficult to conceive how the jury could infer a causal relationship between the allegedly unsafe stoop and plaintiff's fall because the clear import of the evidence indicates that her fall began at the doorway and that she did not set foot upon the stoop. But assuming that such an inference is possible, the evidence, under the principles stated above, would still be insufficient to establish a prima facie case of proximate cause as there are more reasonable and more probable inferences to be deduced from that evidence.

It follows that defendant was entitled to a judgment notwithstanding the verdict. Having reached this conclusion, our consideration of the case need go no further.

The order denying judgment notwithstanding the verdict is reversed and the case remanded with instructions to enter judgment for the defendant.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.