Lyle PUNDT, a minor, by William Pundt, his guardian ad litem, and William Pundt, individually, Plaintiffs and Respondents,

v.

William HUETHER, Defendant and Appellant.

No. 7836.

Supreme Court of North Dakota.

Dec. 10, 1959.

Rehearing Denied Jan. 21, 1960.

Mackenzie & Jungroth, Jamestown, for defendant-appellant.

Holand & Stetson, Lisbon, and Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for plaintiffs-respondents.

STRUTZ, Judge (on reassignment).

This is an appeal from a judgment for the plaintiffs entered in the above-entitled action and from an order of the trial court denying the defendant's motion for judgment notwithstanding the verdict.

The plaintiff Lyle Pundt, a minor of the age of 17 years, was employed by the defendant as a farm laborer to drive a truck for general farm work, and to plow and generally assist in field work on the defendant's farm. The employment did not contemplate plaintiff's working with or on a combine. One day, however, one of the regular truck drivers on the combine crew had gone hunting, and the plaintiff was asked to drive a truck in combining operations. That morning the truck drivers were instructed to investigate if any of the combines stopped in the field, in order to determine if they could be of any help. During the course of the morning one of the combines, operated by the defendant's foreman, did stop, and the plaintiff drove over to see if he could be of assistance. He was asked by the foreman to get some cotter pins from the toolbox on top of the combine.

While the repairs were being made, the motor on the combine continued to run. This resulted in the belts and pulleys and the variable-drive speed mechanism on the combine remaining in motion.

During the making of such repairs, the defendant himself went over to find out what was wrong with the combine. When the defendant drove up to the combine, he found the motor running and the plaintiff on the operator's platform. He called twice to the plaintiff to shut off the motor, but was not sure that the plaintiff had heard him. He did not stay at the combine long enough to determine whether the plaintiff did in fact shut off the motor.

The fact of the matter is that the motor was not shut off.

The foreman, in making the necessary repairs, placed his hands within a few inches of the moving drive assembly. Located on the moving drive assembly was a zerk, which protruded about one-half inch from the moving part. When the pulley was in motion, the zerk could not be seen. There was testimony, however, that the plaintiff on five or six occasions had greased and oiled the combine and knew that a zerk was located at that particular spot.

As he was waiting for the plaintiff to bring the cotter pins, the defendant's foreman suddenly heard a ripping or tearing sound, and almost immediately was knocked over by the plaintiff. He looked around and saw the plaintiff lying nearby, in an unconscious state, with his right hand off at the wrist.

Later investigation disclosed that a rod connected with the belt tightener was bent upward, indicating that the plaintiff's arm or hand had come in contact with the moving zerk on the drive assembly and that his sleeve had been ripped and his arm severed at the wrist. Although the plaintiff had absolutely no recollection of anything connected with the accident, it was the contention of plaintiff's counsel that the plaintiff must have attempted to place the cotter keys into the hands of the foreman and thus came in contact with the moving drive assembly, and that the zerk had ripped the sleeve and amputated the plaintiff's hand. The defendant, on the other hand, contends that the plaintiff wholly failed to show just how the accident did happen and wholly failed to show how the plaintiff got from the platform, where he had secured the cotter keys, to the place where the accident occurred, and further failed to show how the plaintiff's arm had gotten into the working parts of the combine; that the plaintiff wholly failed to show in what manner he was injured.

The defendant further contended that, if negligence on the part of the defendant was in fact proved, the plaintiff was guilty of contributory negligence and that such contributory negligence barred the plaintiff's recovery.

The jury found for the plaintiff Lyle Pundt, a minor, for the sum of $15,000 and for the plaintiff William Pundt for $1,500, the latter amount being for moneys expended as a result of the injuries to the minor plaintiff. From the judgment entered upon such findings and from the order denying the defendant's motion for judgment notwithstanding the verdict, the defendant has taken this appeal.

On an appeal by the defendant from an order denying a motion for judgment notwithstanding the verdict and from a judgment for the adverse party, the evidence must be construed most favorably to the plaintiff, and such motion admits the truth of all inferences and conclusions which can reasonably be drawn from the evidence. Olson v. Kem Temple Ancient Arabic Order of Mystic Shrine, 78 N.D. 263, 49 N.W.2d 99; Schantz v. Northern Pacific Ry. Co., 42 N.D. 377, 173 N.W. 556; Mischel v. Vogel, N.D., 96 N.W.2d 233; Lund v. Knoff, N.D., 85 N.W.2d 676.

Thus all of the plaintiff's evidence, and all of the inferences and conclusions which could reasonably be drawn from such evidence, must be taken as true on this appeal.

There is evidence of negligence on the part of the defendant. The jury might well have found that the motor on the combine should have been stopped before any repairs were attempted. However, in this case the motor was allowed to run, causing the belt, pulleys, and the variable-drive speed mechanism to continue in motion during the making of repairs.

The manufacturer of the combine evidently felt that it would be dangerous to

make repairs while the motor of the combine was in operation, for it posted warning signs in various places on the side of the combine which cautioned the operator to stop the machine to make any adjustments.

The testimony also shows that the defendant, when he arrived at the combine and found the motor of the combine in operation, called to the plaintiff and asked him to shut off the motor. This was done twice, but the testimony shows that the defendant did not know whether the plaintiff heard him. In any event, defendant left the combine without seeing that the motor had been stopped.

The defendant's foreman also admitted that, although he did not believe it was unsafe for him to make the repairs in question while the motor was in operation, it perhaps would be dangerous for an inexperienced person to do so. Thus there is evidence to justify the verdict of the jury in finding the defendant guilty of negligence. This court has often held that questions of negligence and contributory negligence are questions of fact for the jury, unless the evidence is such that reasonable men can draw but one conclusion, in which case they become questions of law. Olson v. Kem Temple Ancient Arabic Order of Mystic Shrine, supra; McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771; Lund v. Knoff, supra; Schweitzer v. Anderson N.D., 83 N.W.2d 416.

The jury by its verdict found the defendant guilty of negligence. The defendant contends that the plaintiff was an experienced farm laborer and that he knew the danger and assumed the risk of his employment. Nowhere in the record is there any evidence that the plaintiff had been warned of any danger in connection with his activities on or about the combine. The question of whether a minor employee who is injured in the course of his employment is of such age, intelligence, discretion, and judgment that he ought to understand the dangers in working around a combine, and therefore assumes the risk of such work, is ordinarily one for the jury. The question of whether the plaintiff, by reason of his past experience, was a skilled and experienced farm laborer in spite of the fact that he was a minor and thus should have comprehended the danger so that neither warning nor instruction was necessary, is a question for the jury. Chopin v. Badger Paper Co., 83 Wis. 192, 53 N.W. 452.

Thus, where there is evidence of negligence on the part of an employer, and the further question of whether a minor employee who is injured in the course of his employment was of such age, intelligence, discretion, and judgment that he should have understood the dangers in working around a combine, is before the jury, the findings of the jury on the question of negligence and contributory negligence will not be disturbed on appeal. The evidence here before the court was such that reasonable men could well draw different conclusions on the matter of negligence and contributory negligence. Under such circumstances, the findings of the jury will not be disturbed.

Under the facts disclosed by the record, we find that the trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict. The order appealed from and the judgment are affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.