Gary LEVI, a Minor, by Clara Levi, Mother and Guardian ad Litem, and Clara Levi, individually, Plaintiffs and Respondents,

v.

Elmer MONTGOMERY and Grand Forks Implement Company, a Corporation, Defendants,

and

Elmer Montgomery, Defendant and Appellant.

No. 8056.

Supreme Court of North Dakota.

March 7, 1963.

Rehearing Denied March 21, 1963.

---

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for plaintiffs and respondents.

Letnes & Hansen, Grand Forks, for defendant and appellant.

STRUTZ, Judge.

The plaintiff, Gary Levi, a minor of the age of fourteen years, was employed by the defendant Elmer Montgomery as a farm laborer for general farmwork. His father also was employed by the defendant. On the morning of the day on which the plaintiff's alleged cause of action arose, the father had gone out to cultivate with a tractor which the defendant Montgomery had purchased from the defendant Grand Forks Implement Company about one month previously. He found the ground too wet to be worked properly and, after making two rounds of the field, he quit and drove the tractor and cultivator to the farmyard where he told the wife of the defendant that it was too wet to work the field; that he was going into town and would return after lunch, at which time he would continue with the cultivating.

During the same morning, the plaintiff Gary Levi had been shingling a building for the defendant Montgomery on another farm. On the plaintiff's return to the home farm, shortly after noon, the defendant suggested that he get at the cultivating which his father was supposed to be doing. The defendant briefly instructed the plaintiff on the operation of the tractor, including instructions on how to adjust the tractor seat. The record discloses that the plaintiff previously had had some experience in the operation of farm tractors; in fact, on the day before the accident, he had operated the same tractor, for a few moments, which he was operating at the time of his injuries.

The record further discloses that, a few days previous to the date of the plaintiff's injuries, when the tractor was being operated by the father of the plaintiff in a swathing operation, the seat had been knocked from the tractor when it was struck by a lever on the swather while the father was making a turn at the end of the field. The record does not disclose exactly what damage was done to the equipment, but, whatever damage was caused by this incident, it was not sufficient for the father to request the defendant to make any repairs. He did, however, report the incident to the defendant and the defendant continued to permit the use of the equipment without repair.

The tractor was equipped with a large umbrella which was fastened to the tractor seat. On the day on which the plaintiff suffered his injuries, there was a strong wind blowing. Just what took place in not clear, but the seat of the tractor was blown or otherwise came loose from its base and the plaintiff was thrown to the ground and suffered serious injuries when the tractor or the cultivator passed over him.

The plaintiff, by his mother as guardian ad litem, brought action against the defendant Montgomery as employer and owner of the equipment, and against the defendant Grand Forks Implement Company which had sold the tractor to the defendant Montgomery about one month before the plaintiff's injuries. The complaint alleges that the negligence of the Grand Forks Implement Company consisted in selling to the defendant Montgomery defectively manufactured equipment, and that the negligence of the defendant Montgomery consisted in permitting the plaintiff to use such defective and dangerous equipment without adequate instructions and warnings. The complaint further alleges that, as a proximate result of the individual and the combined negligence of the defendants, the plaintiff suffered injuries as asserted.

As part of his separate answer to the complaint of the plaintiff, the defendant Montgomery alleges that, if the plaintiff was, in fact, injured or damaged as claimed, such injuries or damages were proximately caused by the defective seat on the equipment sold by the defendant Grand Forks Implement Company.

Just before the case was reached for trial, the plaintiff and the defendant Grand Forks Implement Company entered into a release and covenant not to sue by which, for a consideration of $15,000, the plaintiff agreed to release and discharge the said defendant from any and all actions, causes of action, claims, and demands for or by reason of any loss, damage, or injury whatsoever sustained by the plaintiff, and specifically released the defendant Grand Forks Implement Company from all claims sustained by Gary Levi, the minor plaintiff, arising out of the accident of August 3, 1959; that the plaintiff further covenanted and agreed not to sue the defendant Grand Forks Implement Company, the John Deere Company, and Deere & Company, and all parties involved in the manufacture, distribution, and sale of John Deere implements, their respective heirs, executors, administrators, successors, and assigns, on any cause of action or claim for loss or injury for any reason prior to the date of such covenant, and particularly for all loss, injury, and damages sustained by the said Gary Levi in the accident of August 3, 1959.

In the course of the trial of this action, no mention was made by the Court to the jury of the defendant Grand Forks Implement Company, nor of the fact that the plaintiff had covenanted with the defendant implement company not to sue, nor of the fact that such defendant had paid the plaintiff $15,000 for such covenant. The Court's instructions gave the jury no alternative but to find for the plaintiff against the defendant Montgomery for all damages suffered by the plaintiff or to find for the defendant Montgomery for a dismissal of the action.

After a verdict for the plaintiff was returned by the jury, the defendant moved

for judgment notwithstanding the verdict, which motion was denied by the trial court. Thereafter, on motion for judgment on the verdict by the plaintiff, the defendant moved the Court for an order requiring the plaintiff to credit the defendant on the judgment recovered with the amount which the plaintiff had received from the defendant Grand Forks Implement Company on the covenant not to sue. This motion also was denied, and judgment was ordered for the plaintiff for the full amount of the verdict.

The defendant appeals from the order denying motion for judgment notwithstanding the verdict, from the judgment entered in the action in favor of the plaintiff and against the defendant, and from the order denying defendant's motion for setoff or credit of the amount paid by the defendant Grand Forks Implement Company to the plaintiff on the covenant not to sue.

On an appeal by the defendant from an order denying motion for judgment notwithstanding the verdict and from a judgment for the plaintiff, the evidence must be construed most favorably to the plaintiff, and such motion admits the truth of all inferences and conclusions which can reasonably be drawn from the evidence. Olson v. Kem Temple Ancient Arabic Order of Mystic Shrine, 78 N.D. 263, 49 N.W.2d 99; Lund v. Knoff (N.D.), 85 N.W.2d 676, 67 A.L.R.2d 1110; Pundt v. Huether (N.D.), 100 N.W.2d 431.

Thus all of the evidence favorable to the plaintiff and all inferences and conclusions which can reasonably be drawn from such evidence must be assumed to be true on this appeal. We have examined the record and find that there is testimony of negligence on the part of the defendant. The seat on the tractor which the defendant gave the plaintiff to operate had been knocked loose a few days before the accident which gave rise to the plaintiff's injuries. The fact that the plaintiff's father, who had been operating the equipment at the time of such prior incident, did not request that defendant repair the equipment after such happening, would not affect the plaintiff's claim. The defendant had been informed of such incident, and the jury might well have found that the defendant, in the exercise of reasonable care toward the plaintiff who was a fourteen-year-old minor, should have warned him of the possibility of another such occurrence. But no warning was given. Thus the defendant placed this dangerous instrument in the control of a fourteen-year-old, knowing that the seat had come loose from the tractor on one occasion and that, under similar circumstances, it might do so again. Yet the defendant failed to give one word of warning to the plaintiff. Although a master is not required to point out dangers which are known or must be obvious to an employee, he does have the duty to warn and instruct servants of dangers incident to their work which are not obvious to them. This is especially true where the servant is immature and inexperienced, as was the plaintiff in this case. Lund v. Knoff (N.D.), 85 N.W.2d 676, 67 A.L.R.2d 1110. The jury by its verdict found the defendant guilty of negligence. Where there is evidence of negligence on the part of the defendant, as we believe there was in this case, the findings of the jury on the question of negligence will not be disturbed by this court.

Our next inquiry is whether the defendant Montgomery was entitled to have the amount paid to the plaintiff by the defendant Grand Forks Implement Company, on release and covenant not to sue, credited on the judgment recovered against him, or whether he is indebted to the plaintiff for the full amount awarded by the jury in its verdict.

Generally, a release of one tortfeasor is a release of all, but a covenant not to sue one tort-feasor will not release others. Our statute on the subject reads as follows:

"When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or

388

more persons liable in tort for the same injury or the same wrongful death:

"1. It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

"2. It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor." Sec. 32–38–04, N.D.C.C.

■ Thus the giving of a release and covenant not to sue the defendant Grand Forks Implement Company did not release the defendant Montgomery from liability. And if the defendant implement company was a tort-feasor and, as such tort-feasor, in good faith paid consideration for the release and covenant not to sue, then, under the provision of the statute above cited, any amount recovered against the remaining defendant, Montgomery, should be reduced to the extent of the amount paid to the plaintiff for such covenant. Thus, in that event, the plaintiff's judgment against the defendant Montgomery in this action would be reduced by the sum of $15,000 paid as consideration for the covenant not to sue.

On motion of the defendant to have the judgment reduced by the amount paid by the implement company on covenant not to sue, the trial court refused to allow such reduction on the ground that the payment to the plaintiff by the defendant Grand Forks Implement Company was a voluntary payment and that the defendant implement company was not liable in tort. The Court thus found that the implement company was not, in fact a tort-feasor and, since such defendant was not liable to the plaintiff in tort, the provisions of Section 32–38–04 did not apply.

In addition to claiming that the defendant Grand Forks Implement Company was not liable in tort, as determined by the trial court, the plaintiff further contends that the covenant not to sue was entered into not to avoid tort liability on the part of the implement company, but that such covenant was entered into to avoid contract liability on the part of such defendant for breach of implied warranty.

A careful reading of the plaintiff's complaint discloses that the plaintiff charged the defendant Grand Forks Implement Company with tort in selling to the defendant Montgomery defective equipment. It specifically charges the defendant implement company with negligence. The complaint also charges the defendant Montgomery with tort in placing defective equipment in control of a minor who had had little experience in the handling of such equipment, and in placing such dangerous equipment into the hands of a minor without proper instructions or warning by the defendant. The plaintiff's complaint then alleges that,

"as a proximate result of the individual and combined negligence of the defendants,"

the plaintiff suffered the injuries for which damages are sought. The complaint thus discloses an issue of negligence against both defendants. The defendant Montgomery, by answer, generally denied the allegations of the plaintiff's complaint, and then alleged that if the plaintiff was, in fact, injured as alleged, such injuries were proximately caused by the defective equipment sold to Montgomery by the defendant Grand Forks Implement Company, which equipment was practically new at the time of the plaintiff's injuries and of which defects the defendant Montgomery had no knowledge.

■ Thus the question at issue between the parties is determined by the pleadings. Even though the plaintiff now contends that he, in fact, had no cause of action in tort against one of the defendants, the

court will consider the issues as framed by the pleadings. Where the plaintiff charges several defendants with tort, and one of the defendants buys its way out of the suit and is given a release and covenant not to sue, the court will not go into the question of liability of such defendant. The test in such case is: Was the defendant sued as a tort-feasor? If so, any liability of the remaining defendants to the plaintiff must be reduced by the amount paid for such release or covenant not to sue by such defendant. The question of actual liability in tort of any of the defendants so discharged by release and covenant not to sue is wholly immaterial. The release and covenant not to sue discharges such defendant from any possible liability for any tort of which such defendant possibly might have been guilty. Whether he was, in fact, guilty of tort is immaterial where such defendant does not desire to try out the question and is willing to pay consideration and in good faith secures such release and covenant not to sue.

■ Surely the plaintiff cannot now complain if the amount of his verdict recovered against the defendant Montgomery is reduced by the amount paid to him by the defendant implement company on such covenant not to sue. The plaintiff still will receive the full amount which the jury found he was entitled to receive for all of his injuries. The trial court submitted the case to the jury under instructions which required the jury to find the defendant Montgomery guilty for all of the damages suffered by the plaintiff. In this case, the verdict of the jury found the plaintiff's full damages to be in the sum of $30,000. However, he has already been paid $15,000 for those injuries by the defendant Grand Forks Implement Company under the covenant not to sue. Surely the plaintiff cannot now argue that the defendant implement company made a gift to him and that, on receipt of such gift and release from the suit of the defendant implement company, the remaining defendant should be liable for the full amount of plaintiff's damages as determined by the jury without any right of contribution from the other defendant. To so hold would allow the plaintiff to recover in full for all damages suffered by him and to retain the sum of $15,000 paid for the covenant not to sue, which sum would be in addition to and beyond any damages which he, in fact, had suffered.

The order of the trial court denying the defendant's motion for judgment notwithstanding the verdict and the judgment entered in this case are affirmed. The order of the trial court denying the defendant's motion to credit such judgment with the sum paid by the defendant Grand Forks Implement Company for release and covenant not to sue is reversed, and the defendant is entitled to credit on such judgment in the sum of $15,000, the amount paid to the plaintiff on such release and covenant not to sue.

MORRIS, C. J., and BURKE, TEIGEN and ERICKSTAD, JJ., concur.

On Petition for Rehearing.

STRUTZ, Judge.

Plaintiffs have filed a petition for rehearing in which they object to the decision of this court in the above matter holding that the nature of plaintiffs' action against the defendant Grand Forks Implement Company is determined by the allegations of the complaint where plaintiffs sued the implement company and another defendant in tort, and before trial gave to the implement company a release and covenant not to sue for a consideration of $15,000. Plaintiffs take vigorous exception to our holding that the defendant to whom such release and covenant not to sue was given, under these circumstances, would be deemed a tort-feasor, and that the plaintiffs' claim against the remaining defendant would be reduced to the extent of the amount paid for such release and covenant not to sue. Plaintiffs argue that this holding is inconsistent with prior decisions of this court holding that only formal judicial admissions which waive evi-

dence by the adverse party will be held conclusive on the pleader.

There is nothing inconsistent in these holdings of the court. Had this case gone to trial, the pleadings would not be conclusive on the plaintiffs. In fact, where a case goes to trial, plaintiff is entitled to recover on any one of a number of causes, even though some may be inconsistent. But here we have the plaintiffs charging both defendants as tort-feasors in their complaint. Regardless of the merits of the action against it, one of the defendants was willing to buy its way out of the lawsuit. Under these circumstances, the plaintiffs will not be heard thereafter to contend that, although they did sue such defendant in tort, the defendant was not, in fact, liable in tort. The pleadings frame the issues, and the complaint against the defendant implement company, at the time of the release and covenant not to sue, charged it as a tort-feasor.

Petition for rehearing denied.

MORRIS, C. J., and TEIGEN, BURKE and ERICKSTAD, JJ., concur.